# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MELODY R. CARTER,               )
                                )
        Plaintiff,              )
                                )
v.                              )   Case No. CIV-15-204-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
        Defendant.              )

## OPINION AND ORDER

Plaintiff Melody R. Carter (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 25, 1955 and was 58 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cashier, maid, and maintenance worker. Claimant alleges an inability to work beginning December 5, 2008 due to limitations resulting from panic attacks, shoulder pain, and knee problems.

**Procedural History**

On November 28, 2011, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 9, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II by video with Claimant appearing in Paris, Texas and the ALJ presiding in McAlester, Oklahoma. He issued an unfavorable decision on February 7, 2014. The Appeals Council denied review of the ALJ's decision on April 7, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. He also found at step five that Claimant could perform a full range of work at all exertional levels with non-exertional limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to include all of her impairments at step two; (2) failing to properly evaluate at steps four and five; (3) failing to provide hypothetical

questions to the vocational expert which mirrored the RFC; and (3) failing to perform a proper credibility determination.

## Step Two Evaluation

In his decision, the ALJ found Claimant suffered from the severe impairments of affective disorder and anxiety disorder. (Tr. 12). The ALJ determined Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations. In so finding, the ALJ found Claimant was able to perform a full range of unskilled work which he defined as "work which needs little or no judgment to perform simple duties that can be learned on the job in a short period of time." Claimant must not be required to understand, remember, or carry out detailed instructions or perform job skills requiring a GED reasoning level greater than one. Supervision must be simple, direct, and concrete. Interpersonal contact with supervisors and co-workers must be incidental to the work performed, such as assembly work. Claimant could have no contact with the general public. (Tr. 16). After consulting with a vocational expert, the ALJ concluded that Claimant could perform her past relevant work as a janitor. (Tr. 18). Alternatively, the ALJ found Claimant could perform the representative jobs of window cleaner and industrial sweeper/cleaner, both of which the ALJ determined existed in sufficient numbers in both the regional and national economies.

(Tr. 19). As a result, the ALJ determined Claimant was not under a disability since November 28, 2011, the date the application was filed. (Tr. 20).

Claimant contends the ALJ failed to include all of her impairments at step two. Specifically, Claimant asserts that the ALJ should have included her right shoulder problems as a severe impairment. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart,

6

350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The ALJ addressed Claimant's shoulder condition, noting it was diagnosed in October of 2011 and by April of 2012, a consultative examination revealed Claimant demonstrated full range of motion in both shoulders. Additionally, Claimant had no skeletal or joint problems in April of 2013. (Tr. 13). Claimant attempts to accentuate the severity of the condition by asserting that a sprain can be a disabling condition. However, the ALJ inquired of Claimant at the hearing regarding the problems she had with her knee and right shoulder. She explained the problems she had experienced with her knee but did not express any continuing problems with her shoulder. (Tr. 39-40). This Court finds no error in the ALJ's step

7

two findings.

## Step Four and Five Evaluation

Claimant first contends that the ALJ failed to proceed through the required phases to analyze Claimant's ability to engage in past relevant work. She also questions whether the janitorial job which the ALJ found to be past relevant work constituted such under the regulations. The evidence does not support a finding that this work constituted past relevant work since they appear to have been of short duration and for "low, low pay." (Tr. 31). *See* 20 C.F.R. § 416.960(b)(1)("past relevant work" is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it.").

The ALJ made alternative findings at step five. If the step five findings provide a sufficient basis for the denial of benefits, the step four error is foreclosed as a foundation for this appeal. Murrell v. Shalala, 43 F.3d 1388, 1390 (10th Cir. 1994). Claimant again relies upon the right shoulder problems to contend the ALJ should have included further limitations in the RFC and questioning of the vocational expert. While Claimant disagrees with the omission of this condition from step two and the RFC, the failure to include it and any perceived limitations was not error.

Claimant next asserts that the jobs the vocational expert identified to the ALJ which Claimant could perform do not exist in

8

significant numbers. The vocational expert testified that 200 of the window cleaner jobs were available in Oklahoma and 150 of the industrial sweeper/cleaner jobs existed in Oklahoma. (Tr. 19). The expert also testified that 15,700 of the window cleaner jobs and 12,700 of the industrial sweeper/cleaner jobs existed in the **nation**. The requirement for significant numbers relates to the national economy and not the regional economy. 20 C.F.R. § 416.966(b); <u>Raymond v. Astrue</u>, 621 F.3d 1269, 1274 (10th Cir. 2009). No error is attributed to the step five analysis.

**Hypothetical Questioning of the Vocational Expert**

Claimant contends the right shoulder condition and any limitations arising therefrom should have been included in the questioning of the vocational expert. As stated, it was not error to exclude this condition from the RFC and the questioning.

**Credibility Determination**

The ALJ found Claimant's testimony of limitation was not credible. (Tr. 17). The ALJ stated that Claimant's activities of daily living did not support a finding of disability since she cares for her husband who has a rare blood disease and is disabled, she does all of the shopping, cooking, and laundry, and has no problems tending to her personal care, she drives, and she handles her finances. (Tr. 18).

It is well-established that "findings as to credibility should

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not

required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds that the ALJ's findings on credibility are affirmatively linked to the objective record and are supported by substantial evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE